UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JERRY MICHAEL CONLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00189-SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Memorandum and Order**

Jerry Michael Conley seeks relief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence imposed by this Court due to his violation of 18 U.S.C. § 922(g)(1). *Conley v. United States*, No. 1:26-cv-00189-SRC (E.D. Mo. Aug. 10, 2026), docs. 1, 5 ("Civ. doc."). After an initial review of Conley's claim, the Court ordered him to explain why the Court should not dismiss his section 2255 motion as time-barred. Civ. doc. 2. Conley responded by simultaneously filing a motion requesting an extension of time and copies of documents from his criminal case, as well as an amended section 2255 motion. Docs. 4, 5. On review of these motions, the Court dismisses Conley's section 2255 motion as time-barred and denies his motion for an extension of time as moot.

## I. Background

On January 5, 2021, a grand jury indicted Conley for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Conley*, No. 1:21-cr-00005-SRC-1 (E.D. Mo. June 16, 2022), doc. 1 ("Crim. doc."). On January 18, 2022, Conley pleaded guilty to the indictment. Crim. doc. 63. Five months later, the Court sentenced Conley to serve 104

months in prison followed by three years of supervised release. Crim. doc. 92. at 2–3 (The Court cites to page numbers as assigned by CM/ECF.).

Conley appealed on June 30, 2022. Crim doc. 94. The Eighth Circuit affirmed this Court's Judgment on January 10, 2023. Crim. doc. 109. Conley filed his motion to vacate on August 10, 2026, civ. doc. 1, and the Court ordered him to refile on the Court-provided form, as well as to address timeliness, civ. doc. 2. Conley filed his amended section 2255 motion and his extension-of-time motion on November 16, 2026. *See* docs. 4–5.

## II. Discussion

### A. Section 2255 motion

While Conley's amended section 2255 motion is the operative pleading, the Court instead uses the August 10, 2026 filing date of his original section 2255 motion for timeliness purposes. *See* Fed. R. Civ. P. 15(c)(1); *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) ("An amendment to a pleading relates back to the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" (quoting Fed. R. Civ. P. 15(c)(1)(B)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court "must dismiss the motion and direct the clerk to notify the moving party" if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Also, a district court can consider, on its own initiative, whether a habeas action is time-barred. *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court applies a one-year statute of limitations to section 2255 motions. 28 U.S.C. § 2255(f); *see Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019) (per curiam). Under section 2255(f),

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

If a criminal defendant appeals his judgment of conviction, the judgment becomes "final" for section 2255 timeliness purpose once the availability of direct review concludes. *Lee v. United States*, 149 F.4th 981, 984 (8th Cir. 2025) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). In other words, "[f]inality attaches when th[e Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay*, 537 U.S. at 527. To appeal the judgment of a United States Court of Appeals, a defendant must seek a petition for writ of certiorari "within 90 days after entry of the judgment." Sup. Ct. R. 13.1.

Conley did not timely file his section 2255 motion pursuant to section 2255(f). The Eighth Circuit entered its judgment affirming the Court's judgment on January 10, 2023. Crim. doc. 110. Conley therefore had until April 10, 2023, to petition the Supreme Court for a writ of certiorari before the judgment became final. *See* Sup. Ct. R. 13.1. He did not petition for issuance of that writ, so the one-year statute of limitations began to run starting on April 10, 2023. 28 U.S.C. § 2255(f)(1). He therefore had until April 10, 2024, to file a timely

section 2255 motion. *Id.* Conley, however, did not file his initial motion until August 10, 2026—over two years late. *See* civ. doc. 1.

Although Conley's period to move for relief under section 2255 has long expired, he argues that "to [his] knowledge[,] as of May of 2026[,] Congress has said [§ 922(g)(1)] is unconstitutional[,] violating the 2nd amendment[,] and that the federal [g]overnment can no longer charge someone of 922(g)(1)." Civ. doc. 5 at 7. The Court construes this as arguing that the one-year statute of limitations did not begin to run until May 2026 under 28 U.S.C. § 2255(f)(3). This argument fails because section 922(g)(1) remains good law, as the Supreme Court has implicitly recognized as recently as June 2026. *See United States v. Hemani*, 608 U.S. 772, 794 (2026) (noting that the case's holding does not address the constitutionality of 18 U.S.C. § 922(g)(1), and that section 922(g)(1) remains in effect). The Court therefore denies Conley's section 2255 motion.

**B. Motion to extend time and to obtain documents**

In addition to his amended section 2255 motion, Conley filed a motion requesting (1) an extension of time to submit any briefs or motions that the Court ordered "if there [is] or w[as] an[y] timeline for" them, civ. doc. 5 at 1; and (2) copies of his "[p]lea agreement, Docket Sheet, Judgement and Commitment Sheet, Sentence of Reasoning Sheet, and P.S.I." without having to pay because he is indigent, *id.* The Court construes Conley's second request as one for copies of his Guilty Plea Agreement, crim. doc. 63; the docket sheet for his criminal case, *Conley*, No. 1:21-cr-00005-SRC-1; this Court's Judgment, crim. doc. 92; the Court's Statement of Reasons for Conley's sentence, crim. doc. 93; and the final Presentence Investigation Report, crim. doc. 89.

First, the Court asked Conley to file only an amended section 2255 motion addressing timeliness. *See* civ. doc. 2. Because the Court dismisses Conley's section 2255 motion with prejudice, no deadlines exist in this case that the Court could extend. The Court thus denies as moot Conley's motion, civ. doc. 5, to the extent that it requests an extension of time to file any motion or brief.

Second, while the Court need not provide any of the requested documents to Conley, the Court directs the Clerk of Court to send Conley some of them. First, these document requests are moot because the Court denies Conley's section 2255 motion. Second, the Bureau of Prisons maintains a policy barring inmates from having copies of sealed documents for inmates' safety and security, *see United States v. Kimble*, No. 4:19-cr-01041-SRC-1, doc. 132 (E.D. Mo. June 6, 2024), and both the Statement of Reasons and the Presentence Investigation Report are under seal, crim. docs. 89, 93. Still, the Court directs the Clerk of Court to send Conley copies of (1) the criminal-case docket sheet, *Conley*, No. 1:21-cr-00005-SRC-1; (2) his Guilty Plea Agreement, crim. doc. 63; and (3) the Court's Judgment, crim. doc. 92.

**III. Certificate of appealability**

For the Court to issue a certificate of appealability, Conley must make a substantial showing that he suffered the denial of a constitutional right. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing means one indicating that reasonable jurists could debate the issues, a court could resolve the issues differently, or the issues deserve further proceedings. *Id.* But for the reasons discussed above, Conley has not made such a showing. The Court therefore declines to issue a certificate of appealability in this case.

## IV. Conclusion

The Court finds that the record conclusively establishes that Conley is not entitled to relief. Accordingly, the Court denies his [1] [5] section 2255 motion. The Court also denies as moot Conley's [4] motion for an extension of time and for copies of documents from his criminal case. The Court directs the Clerk of Court to send Conley copies of (1) the criminal-case docket sheet, *United States v. Conley*, No. 1:21-cr-00005-SRC-1 (E.D. Mo. filed Jan. 5, 2021); (2) his Guilty Plea Agreement, crim. doc. 63; and (3) the Court's Judgment, crim. doc. 92. Further, the Court declines to issue a certificate of appealability. A separate order of dismissal accompanies this memorandum and order.

So ordered this 20th day of November 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE